FILED by **PG** D.C.

JUN 02 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Page 2

15-cv-22093-Martinez/White

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **Southern District of Florida** |
|---|---|
| Name (under which you were convicted): **CARLOS RODRIGUEZ** | Docket or Case No.: |
| Place of Confinement: **D. RAY JAMES C.F.** | Prisoner No.: **82805-004** |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) **CARLOS RODRIGUEZ** |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF FLORIDA
   MIAMI DIVISION**

   cat / div **510 / 2255 / MIA**
   Case # **09 CR 21010**
   Judge **JEM**     Mag **WHITE**
   Motn Ifp **NO**     Fee pd $ **0**
   Receipt # **NO**

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   **OCTOBER 26, 2011**

   (b) Date of sentencing: **OCTOBER 25, 2011**

3. Length of sentence: **84 MONTHS**

4. Nature of crime (all counts):

   **COUNT 1: CONSPIRACY TO VIOLATE THE FCPA (15 § 78dd-2) AND AND TO COMMIT WIRE FRAUD (18 U.S.C. § 3143), IN VIOLATION OF 18 U.S.C. § 371.
   COUNTS 2-8: SUBSTANTIVE COUNTS OF FCPA
   COUNT 9: CONSPIRACY TO COMMIT MONEY LAUNDERING, IN VIOLATION OF 18 U.S.C. § 1956(h).
   COUNTS 10-21: SUBSTANTIVE COUNTS OF CONCEALMENT MONEY LAUNDERING, IN VIOLATION OF 18 U.S.C. § 1956(a)(1)(B)(i)**

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒     (2) Guilty ☐     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   **"N/A"**

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☒     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☒
8. Did you appeal from the judgment of conviction?  Yes ☒  No ☐
9. If you did appeal, answer the following:
   (a) Name of court: **UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
   (b) Docket or case number (if you know): **11-15331-C**
   (c) Result: **AFFIRMED THE CONVICTION AND SENTENCE.**
   (d) Date of result (if you know): **MAY 11, 2014**
   (e) Citation to the case (if you know): **UNITED STATES v. ESQUENAZI, 2010 U.S. Dist. LEXIS 143572 (S.D. Fla., Nov. 19, 2010)**
   (f) Grounds raised:

   **SEE EXHIBIT A**

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☒  No ☐
   If "Yes," answer the following:
   (1) Docket or case number (if you know): **14-189**
   (2) Result: **DENIED**
   (3) Date of result (if you know): **OCTOBER 6, 2014**
   (4) Citation to the case (if you know): **135 S. Ct. 293, 190 L. Ed. 2d 141, 2014 U.S. LEXIS 6543, 83 U.S.L.W. 3189**
   (5) Grounds raised:

   **SEE EHXIBIT B**

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐  No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: **"N/A"**
        (2) Docket or case number (if you know): **"N/A"**
        (3) Date of filing (if you know):

(4) Nature of the proceeding: "N/A"

(5) Grounds raised:

"N/A"

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐ "N/A"

(7) Result:

(8) Date of result (if you know): "N/A"

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: "N/A"

(2) Docket or case number (if you know): "N/A"

(3) Date of filing (if you know):

(4) Nature of the proceeding: "N/A"

(5) Grounds raised:

"N/A"

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐ "N/A"

(7) Result:

(8) Date of result (if you know): "N/A"

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application? "N/A"

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐ "N/A"

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

"N/A"

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1) TRIAL COUNSEL FAILED TO MOVE TO DISMISS THE INDICTMENT, ALLEGING THAT IT WAS FATALLY DEFECTIVE.

2) TRIAL COUNSEL FAILED TO ARGUE IN THE MOTION FOR JUDGMENT OF ACQUITAL THE MATERIAL VARIANCE BETWEEN THE SINGLE CONSPIRACY CHARGED IN THE INDICTMENT AND THE MULTIPLE CONSPIRACIES PROVEN AT TRIAL.

3) TRIAL COUNSEL FAILED TO ARGUE IN THE MOTION FOR JUDGMENT OF ACQUITAL THE INSUFFICIENCY OF EVIDENCE THAT MOVANT KNEW THAT THE TRANSACTION CHARGED WAS DESIGNED IN WHOLE OR IN PART TO CONCEAL THE NATURE, LOCATION, SOURCE, OWNERSHIP, OR CONTROL OF THE PROCEEDS OF SPECIFIED UNLAWFUL ACTIVITY.

4) TRIAL COUNSEL FAILED TO OPPOSE THE FCPA JURY INSTRUCTION

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

THIS CANNOT BE RAISED IN A DIRECT APPEAL.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: "N/A"

Name and location of the court where the motion or petition was filed:

"N/A"

Docket or case number (if you know): "N/A"

Date of the court's decision: "N/A"

Result (attach a copy of the court's opinion or order, if available):

"N/A"

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐ "N/A"

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐ "N/A"

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐ No ☐ "N/A"

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

"N/A"

Docket or case number (if you know):

Date of the court's decision: "N/A"

Result (attach a copy of the court's opinion or order, if available):

"N/A"

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

"N/A"

GROUND TWO: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1) APPELLATE COUNSEL FAILED TO ARGUE IN THE DIRECT APPEAL THAT THE DISTRICT COURT ERRED IN ITS LOSS CALCULATIONS.

2) APPELLATE COUNSEL FAILED TO ARGUE IN THE DIRECT APPEAL THE MATERIAL VARIANCE BETWEEN THE SINGLE CONSPIRACY CHARGED IN THE INDICTMENT AND THE MULTIPLE CONSPIRACIES PROVEN AT TRIAL.

3) APPELLATE COUNSEL FAILED TO ARGUE THE INSUFFICIENCY OF EVIDENCE PRESENTED AT TRIAL THAT MOVANT AGREED TO (1) "ACCOMPLISH A COMMON AND UNLAWFUL PLAN TO VIOLATE 18 U.S.C. § 1956 OR 1957; OR (2) KNEW TRANSACTION WAS DESIGNED IN

WHOLE OR IN PART TO CONCEAL OR DISGUISE THE NATURE,
LOCATION, SOURCE, OWNERSHIP, OR CONTROL OF THE PROCEEDS.

4) **APPELLATE COUNSEL FAILED TO ARGUE THAT THE FCPA JURY INSTRUCTIONS WERE DEFECTIVE.**

Page 7

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

**I DO NOT KNOW WHY IT WAS NOT RAISED IN MY DIRECT APPEAL.**

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: "N/A"

Name and location of the court where the motion or petition was filed:

"N/A"

Docket or case number (if you know):

Date of the court's decision: "N/A"

Result (attach a copy of the court's opinion or order, if available):

"N/A"

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐   "N/A"

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐   "N/A"

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐   "N/A"

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

"N/A"

Docket or case number (if you know):

Date of the court's decision: "N/A"

Result (attach a copy of the court's opinion or order, if available):

"N/A"

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

"N/A"

GROUND THREE: INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**MOVANT ASSERTS THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR THEIR CUMULATIVE ERRORS THAT LED TO A FINDING OF GUILT.**

(b) Direct Appeal of Ground Three:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:
       **NOT COGNIZABLE IN A DIRECT APPEAL.**

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:            "N/A"
   Name and location of the court where the motion or petition was filed:
                                          "N/A"
   Docket or case number (if you know):
   Date of the court's decision:          "N/A"

Result (attach a copy of the court's opinion or order, if available):

"N/A"

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐    "N/A"

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐    "N/A"

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐ No ☐    "N/A"

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

"N/A"

Docket or case number (if you know):
Date of the court's decision:    "N/A"

Result (attach a copy of the court's opinion or order, if available):

"N/A"

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

"N/A"

GROUND FOUR:    "N/A"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

"N/A"

**(b) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐     "N/A"

(2) If you did not raise this issue in your direct appeal, explain why:

"N/A"

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐     "N/A"

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:     "N/A"

Name and location of the court where the motion or petition was filed:

"N/A"

Docket or case number (if you know):

Date of the court's decision:     "N/A"

Result (attach a copy of the court's opinion or order, if available):

"N/A"

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐     "N/A"

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐     "N/A"

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐     "N/A"

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

"N/A"

Docket or case number (if you know):

Date of the court's decision:     "N/A"

Result (attach a copy of the court's opinion or order, if available):

"N/A"

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

"N/A"

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **ALL OF THE GROUNDS CLAIMED IN THIS MOTION HAVE NOT PREVIOUSLY BEEN PRESENTED IN ANY FEDERAL COURT.**

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☒   No ☐
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA
CASE NO. 09-21010-CR-MARTINEZ
MOTION FOR NEW TRIAL, RULE 33(NEWLY DISCOVERED EVIDENCE)**

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **ARTURO HERNANDEZ
40 N.W. 3rd STREET, SUITE 200
MIAMI, FLA. 33128**

(b) At arraignment and plea: **SAME AS (a)**

(c) At trial: **SAME AS (a)**

(d) At sentencing: **SAME AS (a)**

Page 12

(e) On appeal: DAVID SIMON, PAMELA L. JOHNSON, JAIME B. GUERRERO, G. MICHAEL HALFENGER, JAMES F. CIRINCIONE, LAUREN VALIENTE (FOLEY & LARDNER LLP)

(f) In any post-conviction proceeding: 777 E. WISCONSIN AVE, MILWAUKEE, WI. 53202

"N/A"

(g) On appeal from any ruling against you in a post-conviction proceeding:

"N/A"

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    
    "N/A"
    
    (b) Give the date the other sentence was imposed:    "N/A"
    
    (c) Give the length of the other sentence:    "N/A"
    
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐
    
    "N/A"

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

**THIS § 2255 MOTION IS TIMELY FILED BASED ON THE FACT THAT A PETITION FOR WRIT OF CERTIORARY WAS DENIED ON OCTOBER 6, 2014. THEREFORE, THIS MOTION IS FILED WITHIN THE ONE-YEAR STATUTE OF LIMITATIONS AS CONTAINED IN 28 U.S.C. § 2255.**

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

**VACATE, SET ASIDE, OR CORRECT SENTENCE, OR AT A MINIMUM GRANT A EVIDENTIARY HEARING**

or any other relief to which movant may be entitled.

"N/A"
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on __05/27/2015__ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**USA v. CARLOS RODRIGUEZ**

**EXHIBIT A**

## QUESTIONS PRESENTED

1. WHETHER THE DISTRICT COURT ERRED AS A MATTER OF LAW IN ITS JURY INSTRUCTION REGARDING WHAT CONSTITUTES AN "INSTRUMENTALITY" OF A FOREIGN GOVERNMENT FOR PURPOSES OF CONSTRUING THE COUNTS, INCLUDING THE MONEY LAUNDERING COUNTS, THAT WERE DEPENDENT UPON THE FOREIGN CORRUPT PRACTICES ACT ("FCPA").

2. WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO HOLD AN EVIDENTIARY HEARING CONCERNING THE CIRCUMSTANCES AND HISTORY REGARDING A DECLARATION FROM THE CURRENT HAITIAN MINISTER OF JUSTICE THAT STATED THAT TELECOMMUNICATIONS D'HAITI ("TELECO") WAS NOT AN "INSTRUMENTALITY" OF THE HAITIAN GOVERNMENT THAT THE GOVERNMENT TURNED OVER JUST AFTER THE JURY'S VERDICT FOLLOWED BY A SECOND DECLARATION THAT THE UNITED STATES GOVERNMENT WAS INVOLVED IN PROCURING THAT REVERSED THE FIRST DECLARATION, WHICH CONTAINED CLEAR EXCULPATORY EVIDENCE.

3. WHETHER THE DISTRICT COURT ERRED AS A MATTER OF LAW IN ITS "KNOWLEDGE JURY INSTRUCTION REGARDING THE FCPA-DPENDENT COUNTS, INCLUDING THE MONEY LAUNDERING COUNTS.

4. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT JURY'S VERDICT AS TO FCPA COUNTS.

5. WHETHER THE DISTRICT COURT PLAINLY ERRED WHEN IT SUBMITTED THE WIRE FRAUD-DEPENDENT COUNTS, INCLUDING THE MONEY LAUNDERING COUNTS, TO THE JURY BASED ON AN ERRONEOUS JURY INSTRUCTION THAT FAILED TO REQUIRE PROOF THAT OF THE JURISDICTIONAL FACTS NECESSARY FOR FEDERAL WIRE FRAUD, THAT IS THAT THE WIRE COMMUNICATIONS CROSSED STATE LINES. (i.e., inter-state communications)

6. WHETHER THE DISTRICT COURT PLAINLY ERRED IN ITS MENS REA INSTRUCT-ION TO THE JURY REGARDING THE WIRE FRAUD-DEPENDENT COUNTS, INCLUDING THE MONEY LAUNDERING COUNTS, BECAUSE THE JURY WAS NOT ASKED TO FIND INTENT TO DEFRAUD FOR THE WIRE FRAUD-DEPENDENT COUNTS.

7. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE JURY'S VERDICT AS TO THE WIRE FRAUD-DEPENDENT COUNTS.

8. WHETHER THE GOVERNMENT'S ATTEMPT TO CHANGE THE BASIS OF ITS WIRE FRAUD THEORY FROM WIRE TRANSFERS TO FACIMILES CONSTITUTES AN IMPERMISSIBLE VARIANCE FROM ITS INITIAL THEORY OF THE CASE.

9. WHETHER THE DISTRICT COURT ERRED AS A MATTER OF LAW IN ITS JURY INSTRUCTION OF WHAT CONSTITUTED A VIOLATION OF THE HAITIAN BRIBERY LAS AS PROPER PREDICATE FOR THE MONEY LAUNDERING COUNTS.

10. WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN NOT GRANTING A MOTION TO DISMISS THE MONEY LAUNDERING COUNTS WHERE THE "PROCEEDS" OF PREDICATE CRIMES WERE THE SAME TRANSFERS OF MONEY THAT WERE CHARGED AS THE MONEY LAUNDERING TRANSACTIONS, THEREBY VIOLATING

    THE MERGER RULE, AND WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT JURY'S VERDICT AS TO THE MONEY LAUNDERING COUNTS FOR THE SAME REASON.

11. WHETHER MR. RODRIGUEZ'S SENTENCE MUST BE VACATED.

12. WHETHER THE FORFEITURE ORDER AND THE FORFEITURE ASPECT OF THE AMENDED JUDGMENT AND COMMITMENT ORDER MUST BE VACATED BECAUSE THE ORAL SENTENCE PRONOUNCED BY THE DISTRICT COURT DID NOT ORDER FORFEITURE.

**USA v. CARLOS RODRIGUEZ**

**EXHIBIT B**

## QUESTIONS PRESENTED

1. WHETHER THE ELEVENTH CIRCUIT'S DEFINITION OF "INSTRUMENTALITY" UNDER THE FOREIGN CORRUPT PRACTICES ACT (FCPA), 15 U.S.C. § 78dd-2, AS "AN ENTITY CONTROLLED BY THE GOVERNMENT OF A FOREIGN COUNTRY THAT PERFORMS A FUNCTION THE CONTROLLING GOVERNMENT TREATS AS ITS OWN" (1) FAILS TO STAISFY THE CONSTITUTIONAL REQUIREMENT OF ADEQUATE NOTICE OF WHAT SPECIFIC CONDUCT VIOLATES THE FCPA, AND (2) IS ERRONEOUSLY DERIVED FROM COMMENTARY TO AN UNRELATED TREATY THAT POSTDATES THE FCPA'S ENACTMENT.

2. WHETHER THE ELEVENTH CIRCUIT ERRED BY CONCLUDING THE PETITIONER'S FCPA CONVICTIONS DID NOT MERGE WITH THEIR CONVICTIONS FOR VIOLATING THE ACT ON THE LAUNDERING OF MONETARY INSTRUMENTS, 18 U.S.C. § 1956, WHERE BOTH WERE BASED ON THE SAME PAYMENTS MADE BY THIRD-PARTY INTERMEDIARIES TO THE ALLEGED FOREIGN OFFICIALS EMPLOYED BY HAITI TELECO.

Carlos Rodriguez
REG# 82805-004
D. Ray James C.F.
P.O. Box 2000
Folkston, GA. 31537



United States District Court
Southern District of Florida
Clerk of Court
400 North Miami Avenue
Room 8N09
Miami, Fla. 33128

USPS INSPECTED
BY

LEGAL MAIL

MAY 2 8 2015